[No. 8551-1-3. Division Three. October 11, 1988.]

THE STATE OF WASHINGTON, *Appellant*, v. JASON GRIEB, *Respondent.*

*Paul Klasen, Prosecuting Attorney,* and *Kenneth Jorgensen, Deputy,* for appellant.

*Thomas Earl,* for respondent.

GREEN, J.—On December 6, 1986, Jason Grieb was charged with two counts of burglary in the second degree and two counts of theft. Following a CrR 3.5 hearing, Mr. Grieb's inculpatory statements to the police were suppressed because the State failed to show he understood his *Miranda* rights. Because of the suppression, the charge was dismissed for lack of evidence. The State appeals contending Mr. Grieb knowingly and voluntarily waived his rights prior to giving the statements. We affirm.

The facts are undisputed. On July 25, 1986, Mr. Grieb was arrested for burglary by officers of the Moses Lake Police Department. At the outset of a 1–hour taped interview, Officers Mitchell and Ruffin advised him of his *Miranda* rights from a standard form and placed a check mark beside each right as he acknowledged understanding it. Mr. Grieb then signed the form immediately below the

explanation of rights. The tape then contains the following exchanges:

Mitchell: You . . . you're the only one that can waive your own rights, and you haven't done that yet. Okay. The next thing I'm gonna read you is your Waiver of Rights. . . .

Grieb: I don't wanna waive my rights.

Mitchell: Okay, you don't wanna waive your rights. You don't wanna talk to us about this thing?

Grieb: Well I'll talk to ya but I don't wanna waive my rights.

The "Waiver of Rights" form was then read to Mr. Grieb and the tape continues:

Mitchell: Now if you wanna answer some . . . if you wanna answer some of these questions, which you can stop answering at anytime you want to, I need you to sign here indicating that you're waiving your rights at this time, to talk to us about some questions that we have.

Grieb: Well I'll do it, but I don't wanna waive my rights.

Mitchell: Okay.

Grieb: And that . . . that says Waiver of Rights.

Mitchell: Okay, what . . . this Waiver says Jason, is that you're willing to talk to us now. Okay? It's not saying that, you know, I . . . I don't understand . . . what . . . what do you mean waiving your rights?

Grieb: I don't wanna do anything that's gonna waiver of my . . . waive my rights.

Mitchell: Okay, all we . . .

Grieb: I mean, I'll talk to you . . . I'll . . .

Mitchell: Okay, do you want to talk to us?

Grieb: Yes I will talk to you.

. . .

Grieb: But I don't wanna sign that bottom line.

Mitchell: That's fine.

. . .

Ruffin: He just needs to make sure that you do understand em, and that you are willing to talk to us without a lawyer right now. You can change your mind anytime.

Mitchell: I want you to . . . want you to remember that, that you can stop . . . you can stop answering any questions, you can stop talking anytime you want to, okay?

Grieb: Um.

During the interview, Mr. Grieb admitted the burglaries and thefts and that he traded the stolen property for cocaine for personal use. The court suppressed this taped statement, finding the State failed to show Mr. Grieb understood his *Miranda* rights, particularly that anything he said could be used against him. The charges were dismissed without prejudice; this appeal followed. We affirm.

■ Once an accused asserts his right to remain silent and his right to counsel, all interrogation must cease until an attorney is present "unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona,* 451 U.S. 477, 485, 68 L. Ed. 2d 378, 101 S. Ct. 1880 (1981); *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966); *State v. Wheeler,* 108 Wn.2d 230, 237–38, 737 P.2d 1005 (1987); *State v. Robtoy,* 98 Wn.2d 30, 653 P.2d 284 (1982); *State v. Kaiser,* 34 Wn. App. 559, 663 P.2d 839, *review denied,* 100 Wn.2d 1004 (1983). At this point the right to counsel must be "scrupulously honored". *Michigan v. Mosley,* 423 U.S. 96, 104, 46 L. Ed. 2d 313, 96 S. Ct. 321 (1975); *State v. Grisby,* 97 Wn.2d 493, 504, 647 P.2d 6 (1982), *cert. denied,* 459 U.S. 1211 (1983); *Kaiser,* at 563. In *Rhode Island v. Innis,* 446 U.S. 291, 301–02, 64 L. Ed. 2d 297, 100 S. Ct. 1682 (1980), the Court stated:

[S]ince the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response.

(Footnote and italics omitted.) *See State v. Grisby, supra* at 505; *State v. Ludvik,* 40 Wn. App. 257, 265, 698 P.2d 1064 (1985).

It is clear Mr. Grieb asserted his *Miranda* rights by stating he did not want to waive them. At that point, his rights should have been "scrupulously honored" and the interview should have immediately terminated. His equivocally stated desires are of no moment. Since the officers intended to question Mr. Grieb regarding his suspected involvement in specific burglaries, it was foreseeable the questioning could elicit an incriminating response. To justify a continuance of an interview which seeks to obtain incriminating statements, the record must unequivocally establish a knowing waiver of his *Miranda* rights. That is not the situation here. Thus, Mr. Grieb's admissions were properly suppressed.

Affirmed.

MUNSON, A.C.J., and McINTURFF, J. Pro Tem., concur.